## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Christopher Page, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent for the Department of Homeland Security (DHS), U.S. Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI), and am currently assigned to the Richmond Office. I have been employed by HSI since December 2019, and I have completed the Criminal Investigator Training Program and the HSI Special Agent Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I have received training in investigations into criminal and immigration law violations. Prior to assuming my position with HSI, I was employed as a State Trooper with the Virginia Department of State Police (VSP) for eight years. During my time as a State Trooper, I was trained to investigate many types of state violations of law to include motor vehicle and criminal statutes. Specifically, I spent six years as a State Trooper assigned to the Counter-Terrorism and Criminal Interdiction Unit (CCI). While assigned to CCI, I investigated numerous incidents of narcotics, currency, and firearm smuggling as well as other types of interstate smuggling.

2. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and warrant and does not set forth all my knowledge about this matter. The information provided is based upon my personal knowledge, or that of other sworn law enforcement officers participating in this investigation, and my review of records, documents, and other physical evidence obtained during this investigation, to include ICE's files and computer records.

3. This affidavit is in support of a criminal complaint charging Marious A. DAVIS, a.k.a. Dwyne Smith, a.k.a. Dwayne Smith, a.k.a. Morris Davis, a.k.a. Kino Williams, with a violation of 8 U.S.C. § 1326(a), to wit, illegal re-entry after being removed from the United States.

## **PROBABLE CAUSE**

4. Marious DAVIS was born in Jamaica, and at all times has been – and is – a citizen of Jamaica.

5. On or about April 5, 2005, DAVIS was arrested under the Immigration and Naturalization Act 212(a)(6)(A)(i), alien present without admission or parole after being apprehended by United States Border Patrol Agents (USBP) near West Palm Beach, Florida. DAVIS admitted to USBP to not entering the United States at a proper time or place after being inspected by an immigration officer. Subsequently, DAVIS was removed on or about March 12, 2008.

6. On an unknown date after March 12, 2008, at an unknown location, DAVIS illegally reentered the United States without admission, inspection, or parole, and without the express consent of the Attorney General or his successor, the Secretary of Homeland Security.

7. On or about April 8, 2025, DAVIS was arrested in Richmond, Virginia for violations of VA Code 18.2-248, Possession with intent to distribute (PWID) a Schedule I/II controlled substance (felony), 18.2-248.1, PWID Marijuana (felony), 18.2-248.01, transport more than one ounce of a Schedule I/II controlled substance into Virginia (felony), and 18.2-308.4, possession of a firearm while selling a Schedule I/II controlled substance (felony).

8. The City of Richmond is in the Eastern District of Virginia.

9. I have reviewed law enforcement databases and DAVIS's criminal history. Per his criminal history, DAVIS was fingerprinted and photographed after his arrest in Richmond, Virginia.

10. I have reviewed DAVIS's Alien File (A-File), which is an individual file identified by a person's Alien Registration Number and which is the official file maintained by the Department of Homeland Security for all immigration and naturalization records created or

consolidated since April 1, 1944. Based on the documents contained within DAVIS's A-File, there is no evidence and/or notation that DAVIS received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States.

## CONCLUSION

11.   Based on the aforementioned information, I respectfully submit that there is probable cause to believe that Marious DAVIS illegally re-entered the United States, after being previously removed – in violation of 8 U.S.C. § 1326(a).

Respectfully submitted,

*[signature]*

Christopher Page
Special Agent
Homeland Security Investigations

Reviewed by AUSA Stephen E. Anthony

Sworn and subscribed to before me on June 5, 2025, in Richmond, Virginia.

/s/ *[signature]*
Summer L. Speight
United States Magistrate Judge